DUNLAP v SHEFFIELD

Docket No. 130113. Submitted February 5, 1992, at Detroit. Decided March 17, 1992, at 9:00 A.M. Leave to appeal sought.

Denise L. Dunlap brought an action in the Oakland Circuit Court against Leta Sheffield, seeking damages for injuries sustained in an automobile accident that occurred on March 22, 1987. The court, Robert C. Anderson, J., granted summary disposition for the defendant, finding that the action, which was filed on March 23, 1990, was not brought within the applicable three-year period of limitation. The plaintiff appealed.

The Court of Appeals *held:*

The court correctly held that the three-year period lapsed on March 22, 1990. The first day to be counted in the three-year period, as provided in MCR 1.108(1),(3), was March 23, 1987. On March 22, 1990, three years had elapsed.

Affirmed.

LIMITATION OF ACTIONS — CALCULATION OF LIMITATION PERIOD.

In computing a period of limitation, the day of the act, event, or default after which the designated period of time begins to run is not included; the last day of the period is included, however, and, if a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began (MCR 1.108[1],[3]).

*Terrence L. Hall,* for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Nancy J. Bourget*), for the defendant.

Before: WAHLS, P.J., and JANSEN and T. G. KAV-ANAGH,* JJ.

---

* Former Supreme Court justice, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Limitation of Actions §§ 59, 60.

Inclusion or exclusion of first and last day for purposes of statute of limitations. 20 ALR2d 1249.

Per Curiam. Plaintiff, Denise L. Dunlap, appeals as of right from a May 24, 1990, order of the Oakland Circuit Court granting summary disposition in favor of defendant, Leta Sheffield. Defendant's motion was granted pursuant to MCR 2.116(C)(7), because plaintiff's claim was barred by the applicable statute of limitations. We affirm.

On appeal, plaintiff contends that the trial court erred in granting defendant's motion on statute of limitations grounds, because her complaint was filed timely on March 23, 1990. We disagree with plaintiff.

Plaintiff was involved in an automobile accident that occurred on March 22, 1987. She filed her complaint on March 23, 1990, seeking to recover for the injuries sustained in the collision. She claims that the three-year period of limitation set forth in MCL 600.5805(8); MSA 27A.5805(8) did not commence until the day following the accident, March 23, 1987, pursuant to MCR 1.108(1). Therefore, plaintiff maintains that she had three years from March 23, 1987, to file her complaint, and that her complaint was filed timely on March 23, 1990.

Pursuant to MCR 1.108(1), in computing a period of time, the day of the act, event, or default after which the designated period of time begins to run is not included. However, the last day of the period is included. "If a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began." MCR 1.108(3).

Plaintiff is correct, then, in stating that the first day to be counted in calculating the three-year period is March 23, 1987. However, consistent with this Court's interpretation of MCR 1.108 in *Stapleton v Wyandotte,* 177 Mich App 339, 345-346; 441 NW2d 90 (1989), we cannot conclude as plaintiff

did that the three-year period expired on March 23, 1990. Rather, we find that the three-year period lapsed on March 22, 1990.

In *Stapleton,* a medical malpractice case, the plaintiff was discharged from the hospital on July 17, 1984. *Id.,* p 341. She filed her complaint on July 18, 1986, arguing that the two-year period of limitation in her case began to run on July 18, 1984, the day after her discharge, and lapsed on July 18, 1986. *Id.,* pp 341, 345. In support of her position, the plaintiff relied on MCR 1.108. *Id.,* p 345.

This Court held that the two-year period of limitation lapsed on July 17, 1986, not July 18, 1986. *Id.,* p 346. The Court noted that under MCR 1.108(1), July 17, 1984, the day of the plaintiff's discharge from the hospital, was not to be counted, but that July 17, 1986, the last day of the period was. *Id.* The Court also noted that under MCR 1.108(3), July 17, 1986, would be the date on which the two-year period ended. *Id.*

In this case, we find that the three-year period of limitation lapsed on March 22, 1990. Under MCR 1.108(1), March 22, 1987, the day of plaintiff's accident, is not to be counted, but March 22, 1990, the last day of the period is to be counted. Also, under MCR 1.108(3), March 22, 1990, would be the date on which the three-year period ended.

This calculation is consistent with the examples listed in MCR 1.108(3), and can be made more obvious by way of further example. In this case, the first year would run from March 23, 1987, to March 22, 1988; the second year would run from March 23, 1988, to March 22, 1989; and, the third year would run from March 23, 1989, to March 22, 1990. It therefore becomes apparent that plaintiff's complaint was filed one day beyond the expiration of the limitation period. Three years after March

22, 1987—after beginning the calculation by making March 23, 1987, the first day to be counted in the three-year period—is March 22, 1990. *Stapleton,* p 346.

We believe that this Court's interpretation of MCR 1.108 in *Stapleton* was correct, and reliance on that opinion by defendant and the trial court was appropriate. We therefore affirm the order of summary disposition entered in favor of defendant.