DUNLAP v SHEFFIELD

Docket No. 93621. Decided May 25, 1993. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave, affirmed the judgments of the Court of Appeals and the circuit court.

Denise L. Dunlap brought an action in the Oakland Circuit Court against Leta Sheffield, seeking damages for injuries sustained in an automobile accident that occurred on March 22, 1987. The court, Robert C. Anderson, J., granted summary disposition for the defendant, finding that because the suit was filed on March 23, 1990, the action was barred by the three-year period of limitation of MCL 600.5805(8); MSA 27A.5805(8). The Court of Appeals, WAHLS, P.J., and JANSEN and T. G. KAVANAGH, JJ., affirmed in an opinion per curiam (Docket No. 130113). The plaintiff seeks leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The action is barred by the three-year period of limitation.

The claim is governed by the three-year period of limitation of MCL 600.5805(8); MSA 27A.5805(8), which began to run on the date of the injury, March 22, 1987. Under MCL 600.5827; MSA 27A.5827, the claim accrued at the time the wrong occurred, i.e., the same day. Subsection 5805(8) provides that the period of limitation ended three years from that date. Determination of the last day of the period is governed by MCR 1.108(3), which clearly provides that if a period is measured in months or years, the last day of the period is the same day of the month as the day on which the period began. Because the first day was the day of the accident, March 22, 1987, the last day was March 22, 1990. Neither the statutes nor the court rule requires counting by days.

Affirmed.

193 Mich App 313; 483 NW2d 464 (1992) affirmed.

*Terrence L. Hall* for the plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *Nancy J. Bourget*), for the defendant.

PER CURIAM. The issue in this case concerns the computation of the period of the statute of limitation for injuries to persons or property. MCL 600.5805(8); MSA 27A.5805(8). The underlying lawsuit involved an automobile accident occurring on March 22, 1987. Suit was filed on March 23, 1990. The circuit court and the Court of Appeals have held that the action is barred by the three-year limitation period of that statute. We affirm.

I

The plaintiff's complaint alleges that on March 22, 1987, she and defendant were involved in an automobile accident, allegedly caused by defendant's negligence. Plaintiff filed this action on March 23, 1990. Defendant responded with a motion for summary disposition under MCR 2.116(C)(7) on the ground that the action was barred by the statute of limitations. The defendant's motion was granted by the circuit court, and the plaintiff appealed.

Throughout this litigation the plaintiff's claim that the complaint was timely filed has been based on MCR 1.108, which provides:

In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:

(1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or holiday on which the court is closed pursuant to court order.

(2) If a period is measured by a number of

weeks, the last day of the period is the same day of the week as the day on which the period began.

(3) If a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began. If what would otherwise be the final month does not include that day, the last day of the period is the last day of that month. For example, "2 months" after January 31 is March 31, and "3 months" after January 31 is April 30.

The plaintiff focuses on the language of subsection 1 that "[t]he day of the . . . event . . . after which the designated period begins to run is not included." Thus, she reasons that the day of the accident, March 22, 1987, is not included. Accordingly, the limitation period began on March 23, 1987, and under subsection 3 the last day of the period is the same day of the month on which it began—March 23, 1990.

The Court of Appeals rejected the plaintiff's argument, explaining:

Plaintiff is correct, then, in stating that the first day to be counted in calculating the three-year period is March 23, 1987. However, consistent with this Court's interpretation of MCR 1.108 in *Stapleton v City of Wyandotte,* 177 Mich App 339, 345-346; 441 NW2d 90 (1989), we cannot conclude as plaintiff did that the three-year period expired on March 23, 1990. Rather, we find that the three-year period lapsed on March 22, 1990.

In *Stapleton,* a medical malpractice case, the plaintiff was discharged from the hospital on July 17, 1984. *Id.,* p 341. She filed her complaint on July 18, 1986, arguing that the two-year period of limitation in her case began to run on July 18, 1984, the day after her discharge, and lapsed on July 18, 1986. *Id.,* pp 341, 345. In support of her position, the plaintiff relied on MCR 1.108. *Id.,* p 345.

This Court held that the two-year period of limitation lapsed on July 17, 1986, not July 18, 1986. *Id.,* p 346. The Court noted that under MCR 1.108(1), July 17, 1984, the day of the plaintiff's discharge from the hospital, was not to be counted, but that July 17, 1986, the last day of the period was. *Id.* The Court also noted that under MCR 1.108(3), July 17, 1986, would be the date on which the two-year period ended. *Id.* [193 Mich App 313, 314-315; 483 NW2d 464 (1992).]

The plaintiff has filed an application for leave to appeal. Although we affirm the Court of Appeals decision that the action here is barred by the statute of limitations, we offer a different analysis.

II

There is no dispute that this action is governed by the three-year limitation period of MCL 600.5805(8); MSA 27A.5805(8):

(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

* * *

(8) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

The provision clearly indicates that the limitation period begins on the date of the injury. This finding is supported by MCL 600.5827; MSA 27A.5827, which also addresses the commencement time for the statute of limitations period:

> Except as otherwise expressly provided, the period of limitations runs from the time the claim accrues. The claim accrues at the time provided in sections 5829 to 5838, and in cases not covered by these sections the claim accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results.

The claim here is covered by a section other than §§ 5829 to 5838; therefore, the claim accrues at the time the wrong occurred, March 22, 1987, which is also the day the period begins to run.[1]

Subsection 5805(8) states that the period ends three years from that date. The statute does not specify, however, how to determine when three years ends.[2] Therefore, this Court promulgated MCR 1.108 to clarify and avoid any disputes regarding what is the last day. Subsection 3 clearly states that if the period is measured in months or years, the last day is the same day of the month as the day on which the period began. Consequently, pursuant to §§ 5805 and 5827, the first day was the day of the accident, March 22, 1987, which makes the last day the same day, three years later, March 22, 1990.[3]

### III

Plaintiff argues that March 23, 1987 is the first day counted in the limitation period pursuant to MCR 1.108(1). We disagree. In this case, neither the statutes nor MCR 1.108 requires counting by

---

[1] See also *Williams v Polgar,* 391 Mich 6; 215 NW2d 149 (1974).

[2] This is not as simple a question as it appears because of leap year considerations, holidays, etc.

[3] Consequently, we disagree that the three-year period runs from March 23, 1987, to March 22, 1990 since that would violate MCR 1.108(3) and directly conflict with the examples given in that subsection.

days.[4] Actually "counting" days is appropriate when the limitation period is measured in days, but is not appropriate when it is measured in weeks, under subsection 2, or in months or years, under subsection 3. Because MCL 600.5805; MSA 27A.5805 and MCL 600.5827; MSA 27A.5827 state that the limitation period for injuries to persons or property begins at the time of the accident, and thus on the day of the accident, it is unnecessary to consider whether the first day is "counted" or not.[5] Similarly, MCR 1.108(3) states that the last day is the same day of the month, three years later in this case, as the day on which the period began. Again, it is unnecessary to "count" days to determine that day.[6]

Accordingly, the judgments of the circuit court and the Court of Appeals are affirmed.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

---

[4] This was explained in the authors' comment to MCR 1.108:

MCR 1.108(1) is derived from GCR 108.6; MCR 1.108(2) and (3) are derived from PCR 108. The *former provides the rules for calculating periods of time measured in days;* the *latter for periods of time measured in weeks or months [or years]*. The explicit reference for periods measured in weeks or months [or years], and the inclusion of a uniform rule for the calculation of such periods, was designed for the convenience of court, counsel, and parties, since under the provisions of subsections (2) and (3) determining the last day of periods of several weeks or months [or years] is a simple matter. [Emphasis added. 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), p 19.]

[5] Even if the period was measured in days, it would begin on the date of the accident. Subsection 1 only indicates that the "day counter" will not register a "1" until the day after the accident.

[6] Section one indicates that, in all cases, if the last day falls on a day in which the court is closed, the period will extend to the next day in which the court is open.