86 F.3d 1155
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Herbert W.G. CLANTON, Plaintiff-Appellant,
v.
The PEOPLE OF the CITY OF EAST LANSING, Defendant-Appellee.
 No. 95-1870.
 United States Court of Appeals, Sixth Circuit.
 May 21, 1996.
 
 Before: WELLFORD, NORRIS, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Herbert W.G. Clanton, a pro se Michigan litigant, appeals the summary judgment in favor of the defendant in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clanton alleged that the defendant violated his various and sundry rights protected by the United States Constitution. On June 19, 1989, Clanton was convicted by a jury on a charge of failing to change the address on his driver's license. This conviction was entered in Michigan state district court. On June 26, 1989, Clanton filed an appeal in the 30th Judicial Circuit Court. Clanton's case was dismissed on October 4, 1990, for failure to prosecute. Thereafter, Clanton filed a claim of appeal in the Michigan Court of Appeals. Clanton's claim of appeal was dismissed by the Michigan Court of Appeals on November 27, 1990. Clanton then filed a motion for rehearing. This motion was denied by the Michigan Court of Appeals on February 14, 1991. On September 19, 1994, Clanton filed the present complaint in the District Court for the Western District of Michigan. He requested that his public record be expunged. He alleged that his rights protected by the First, Fourth, Fifth, Sixth, Thirteenth, and Fourteenth Amendments to the United States Constitution were violated. He sought $235.5 million in damages.
 
 
 3
 The defendant filed a motion to dismiss on December 14, 1994. The matter was referred to a magistrate judge who treated the motion to dismiss as a motion for summary judgment because matters outside the pleadings were presented with the motion to dismiss. The magistrate judge issued a report recommending that summary judgment be entered in favor of the defendant because the complaint failed for being overly conclusory and for being barred by the applicable statute of limitations. Despite Clanton's objections, the district court adopted the report and recommendation in a memorandum opinion and order filed July 26, 1995. This timely appeal followed.
 
 
 4
 Upon review, we conclude that Clanton has waived his right to appellate review because he did not specifically object to the recommended disposition of his civil rights complaint. His objections to the magistrate judge's report and recommendation are conclusory. Clanton's objections number 79 pages, many of which consist of cryptic sentence fragments. Clanton stated that his constitutional rights were violated because he was restricted from seeking expungement, and that the report and recommendation failed to show how seeking expungement is "inaccurate." For all their rambling and excessive length, Clanton's objections offered no specific argument which directly contradicted any of the magistrate judge's reasoning or legal authority regarding his claims.
 
 
 5
 This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(B)(1)(c) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir.1987). Although this rule may be relaxed in the interest of justice, see Kent v. Johnson, 821 F.2d 1220, 1222-23 (6th Cir.1987), review of the appeal has not revealed any reason for doing so in this case.
 
 
 6
 Clanton's complaint contained only conclusory allegations. Mere conclusory allegations are not sufficient to withstand a motion for summary judgment. Cincinnati Bell Tel. Co. v. Allnet Comm. Servs., Inc., 17 F.3d 921, 923 (6th Cir.1994). Further, Clanton's complaint is barred by the applicable statute of limitations. The three year statute of limitations contained in Mich.Comp.Laws § 600.5805(8) is the uniform limitations period to be applied to civil rights claims that arise in Michigan. See Carroll v. Wilkerson, 782 F.2d 44, 45 (6th Cir.) (per curiam), cert. denied, 479 U.S. 923 (1986). Clanton filed his complaint on September 19, 1994. Accordingly, any actions prior to September 19, 1991, are time-barred. See Dunlap v. Sheffield, 500 N.W.2d 739, 741-42 (Mich.1993) (per curiam). All of the actions in Clanton's state court proceedings occurred prior to February 15, 1991. Therefore, Clanton's complaint is time-barred by Michigan's three-year statute of limitations.
 
 
 7
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.