# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY HAKSLUOTO and CAROL
HAKSLUOTO,

        Plaintiffs-Appellees,

v

MT. CLEMENS REGIONAL MEDICAL
CENTER, a/k/a MCLAREN MACOMB,
GENERAL RADIOLOGY ASSOCIATES, P.C.,
and ELI SHAPIRO, D.O.,

        Defendants-Appellants.

FOR PUBLICATION
February 18, 2016

No. 323987
Macomb Circuit Court
LC No. 2014-002556-NH

Before: CAVANAGH, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendants Mt. Clemens Regional Medical Center, a/k/a McLaren Macomb, General Radiology Associates, P.C., and Eli Shapiro, D.O., appeal by leave granted the trial court order denying their motion for summary disposition pursuant to MCR 2.116(C)(7) (statute of limitations). We reverse and remand for entry of an order granting summary disposition in favor of defendants.

## I. FACTUAL BACKGROUND

The substantive facts of plaintiffs' medical malpractice claim are not significant to the issue raised by defendants on appeal. Briefly stated, however, plaintiff Jeffrey Haksluoto attended defendant Mt. Clemens Regional Medical Center's emergency room on December 26, 2011, complaining of abdominal pain, nausea, vomiting, and diarrhea. Jeffrey was given a CT scan, which was interpreted by defendant Eli Shapiro, D.O. Plaintiffs allege that Dr. Shapiro misinterpreted the CT scan and failed to recognize the severity of Jeffrey's condition. Jeffrey returned to the emergency room on January 6, 2012, when his condition was correctly diagnosed, and emergency surgery was performed. Plaintiffs allege that Jeffrey sustained ongoing injuries from the delay in receiving the correct diagnosis and appropriate treatment. Plaintiff Carol Haksluoto brought a claim for loss of consortium.

Pursuant to MCL 600.2912b, plaintiffs served defendants with a notice of intent ("NOI") to file a medical malpractice claim on December 26, 2013. Plaintiffs subsequently filed their complaint on June 27, 2014. Defendants moved for summary disposition pursuant to MCR

-1-

2.116(C)(7),[1] arguing that plaintiffs' complaint was untimely because it was filed after the statute of limitations expired. According to defendants, because the NOI was served exactly two years after plaintiffs' claim accrued, zero days remained in the two-year statute of limitations after the NOI's 182-day period had run. Thus, defendants contended that plaintiffs were required to file the complaint no later than June 26, 2014, which was the 182nd day after the NOI was served, because otherwise the statute of limitations would be expired the day after the 182-day tolling period expired.

Plaintiffs argued in response that the complaint was timely filed because MCL 600.5856 provides that the statute of limitations was tolled "at the time" that the NOI was mailed. Consequently, plaintiffs contended that the statute of limitations was immediately tolled on December 26, 2013, the date on which the NOI was mailed, so that the final day of the limitations period still remained available to file a complaint following the expiration of the 182-day notice period. In other words, the day on which plaintiffs mailed the NOI was not counted for purposes of computing the expiration of the two-year limitations period, meaning that one day remained for plaintiffs to file the complaint after the 182-day tolling period ended. The trial court ruled:

> The [c]ourt finds that when read as a whole, MCL 600.5856(c) provides that the statute of limitations is tolled immediately "at the time notice is given" and remains tolled for 182 days beginning "after the date notice is given." MCL 600.5856(c). In other words, although tolling of the statute of limitations occurs the moment the Notice of Intent is served, neither the final provision of MCL 600.5856(c) or MCR 1.108(1) counts the first of the 182 days until the next full day is complete. This interpretation does not transform the 182-day notice period to 183 days. Rather, this interpretation preserves MCL 600.5856(c)'s mandate that the statute of limitations be tolled "at the time notice is given," and reconciles this provision with the second portion of the statute and MCR 1.108(1).

> In this case, plaintiffs mailed their Notice of Intent on December 26, 2013, the last date of the two year statute of limitations. The statute of limitations was immediately tolled, and that final day of the limitations period still remained available to file a complaint after the 182-day notice period expired. When the notice period expired on June 26, 2014, the period of limitations resumed running. Therefore, plaintiffs properly filed their complaint on June 27, 2014, the last day remaining under the statute of limitations following the 182-day tolling period. Accordingly, defendants' motion for summary disposition is properly denied.

---

[1] Defendants also moved for summary disposition under subrules (C)(8) (failure to state claim on which relief can be granted) and (C)(10) (no genuine issue of material fact), neither of which is relevant to this appeal.

We subsequently granted defendants' interlocutory application for leave to appeal the order denying their summary disposition motion.[2]

## II. STANDARD OF REVIEW

"Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). "In determining whether a plaintiff's claim is barred because of immunity granted by law, the reviewing court will accept the allegations stated in the plaintiff's complaint as true unless contradicted by documentary evidence." *Id.* "If there is no factual dispute, whether a plaintiff's claim is barred under the applicable statute of limitations is a matter of law for the court to determine." *Id.* at 523.

In this case, the relevant facts are not in dispute and resolution of the issue presented depends on the correct application of statutes and court rules governing the filing of medical malpractice actions. The interpretation and application of statutes and court rules present questions of law, which we review *de novo*. *Colista v Thomas*, 241 Mich App 529, 535; 616 NW2d 249 (2000).

## III.  DISCUSSION

The issue on appeal is whether a medical malpractice complaint filed 183 days after the date on which the NOI was served, and after the two-year statute of limitations has expired, is timely. We agree with defendants that plaintiffs' complaint was untimely, but for reasons other than those asserted by defendants.

## A.  PRINCIPLES OF STATUTORY INTERPRETATION

This issue involves the interplay between MCL 600.2912b, which governs the service of the NOI and the subsequent notice period, and MCL 600.5856, which governs the tolling of the limitations period for medical malpractice actions during the statutory notice period. "Our function in construing statutory language is to effectuate the Legislature's intent." *Velez v Tuma*, 492 Mich 1, 16; 821 NW2d 432 (2012). If the statutory language is plain and clear, it must be enforced as written. *Id.* at 16-17. MCR 1.108 is also relevant to this analysis. Court rules are interpreted using the same principles that govern statutory interpretation. *Haliw v City of Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005).

## B.  ANALYSIS

The limitations period for a medical malpractice action is generally two years. MCL 600.5805(6); *Tyra v Organ Procurement Agency of Michigan*, 498 Mich 68, 79; 869 NW2d 213

---

[2] *Haksluoto v Mt Clemens Regional Med Ctr*, unpublished order of the Court of Appeals, entered December 3, 2014 (Docket No. 323987).

(2015). However, medical malpractice actions also are subject to procedures governing the service of a plaintiff's NOI to file the action. MCL 600.2912b(1) provides:

> Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.[3]

Pursuant to MCL 600.5856(c), the two-year statutory limitations period is tolled after service of the NOI if the following conditions are met:

> The statutes of limitations or repose are tolled in any of the following circumstances:
>
> * * *
>
> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled no longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given. [MCL 600.5856(c).][4]

MCR 1.108 provides specific rules for computing time periods set forth in statutes, court rules, and court orders. It provides, in pertinent part:

> In computing a period of time prescribed or allowed by these rules, by court order, or by statute, the following rules apply:
>
> (1) The day of the act, event, or default after which the designated period of time begins to run is not included. The last day of the period is included, unless it is a Saturday, Sunday, legal holiday, or day on which the court is closed

---

[3] MCL 600.2912b(7) provides a procedure for a prospective defendant to furnish a written response to a NOI. If the prospective defendant does not provide a response, the plaintiff may commence the action when the 154-day notice period has expired. MCL 600.2912b(8).

[4] Before its amendment in 2004, MCL 600.5856 provided, in relevant part:

> The statutes of limitations and repose are tolled:
>
> * * *
>
> (d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

pursuant to court order; in that event the period runs until the end of the next day that is not a Saturday, Sunday, legal holiday, or day on which the court is closed pursuant to court order.

* * *

(3) If a period is measured by months or years, the last day of the period is the same day of the month as the day on which the period began. If what would otherwise be the final month does not include that day, the last day of the period is the last day of that month. For example, "2 months" after January 31 is March 31, and "3 months" after January 31 is April 30.

Here, the parties agree that plaintiffs' claim accrued on December 26, 2011. Thus, it is undisputed that absent tolling, the two-year statute of limitations applicable to plaintiffs' malpractice claim expired on December 26, 2013, the day on which plaintiffs served the NOI. MCR 1.108(3); MCL 600.5805(6); MCL 600.5827. Cf. *Dunlap v Sheffield*, 442 Mich 195, 198-200; 500 NW2d 739 (1993).

Under these facts, defendants argue that plaintiffs should have filed their complaint on June 26, 2014—which was the 182nd day of the notice period—because there were zero days remaining in the limitations period when plaintiffs served the NOI and, as a result, zero days remaining in the limitations period after the 182-day notice period expired. Thus, defendants assert, the statute of limitations expires, at the most, 2 years and 182 days after the date of accrual. Plaintiffs argue that their complaint would have been premature if it had been filed on the 182nd day, and thus the statute of limitations should expire on the day after the 182nd day of the statutory tolling period, *i.e.*, June 27, 2014.

Both parties argue that resolution of this dispute requires the examination of two questions: (1) whether a NOI served on the last day of the statutory limitations period tolls the limitations period until the 182nd or 183rd day after the NOI is served, and (2) whether a medical malpractice plaintiff may, in fact, file the complaint on the 182nd day of the tolling period. However, we find that consideration of the second question is not necessary here because, based on the interplay of the relevant statutes and court rules, plaintiffs' service of the NOI was ineffective to toll the statute of limitations in light of the language of MCL 600.5856(c).

The parties agree, as do we, that the time at which the 182-day notice period begins is the calendar day after the NOI is filed for the purpose of calculating the expiration of that period, and, consequently, the tolling and expiration of the statute of limitations period, for purposes of MCL 600.2912b(1). Applying the language of MCR 1.108(1) that "[t]he day of the act, event, or default after which the designated period of time begins to run is not included" in computing a period of time demarcated by days, the 182-day notice period began on December 27, 2013—the day *after* plaintiffs served the NOI on December 26, 2013—and expired on June 26, 2014.

This date is significant in light of MCL 600.5856(c), which expressly provides that the statute of limitations is tolled "*[a]t the time notice is given* in compliance with the applicable notice period under section 2912b, *if during that period* a claim would be barred by the statute

-5-

*of limitations or repose*[.]" (Emphasis added.) It is undisputed that the two-year statute of limitations expired on December 26, 2013. However, December 27, 2013—and not December 26, 2013—is the pertinent date for determining whether plaintiffs' claim would have been barred by the statute of limitations during the 182-day notice period because the notice period began on December 27, 2013 under MCR 1.108(1). Because the notice period did not commence until one day *after* the limitations period had expired due to the rules of computation under MCR 1.108, we are constrained to conclude that filing the NOI on the last day of the limitations period was not sufficient to toll the statute of limitations "at the time notice [was] given," because in order to toll the statute of limitations at that time, the limitations period must have been scheduled to expire *during* the 182-day notice period. See MCL 600.5856(c). Stated differently, when the 182-day period ended, the statute of limitations did not resume running because there was no time to toll during the 182-day period following the expiration of the statute of limitations on December 26, 2013. Thus, the filing of plaintiffs' complaint on June 27, 2014 was untimely, and the trial court erred in denying defendants' motion for summary disposition under MCR 2.116(C)(7).

We recognize that our analysis means that a plaintiff who serves a NOI on the last day of the limitations period is legally incapable of filing a timely complaint and is, in effect, deadlocked from timely filing a suit in compliance with both the statutory notice period and the statute of limitations. To avoid this result, plaintiffs argue that the phrase "[a]t the time notice is given" compels the conclusion that the statute of limitations was immediately tolled on the day that the NOI was served, meaning that this phrase in the statute reserved the entire day, or the portion of the day remaining after service was effected, for tolling during the notice period. However, plaintiffs' interpretation is problematic because it requires us to infer from the statute a legal fiction that service occurs at the beginning of the day, leaving a full day in the remaining limitations period. Alternatively, plaintiffs' reading is problematic because it would subdivide the day on which notice is served contrary to MCR 1.108, which does not provide for divisions or fractions of days. It is well established that this Court "may not read into the statute what is not within the Legislature's intent as derived from the language of the statute." *Robinson v City of Lansing*, 486 Mich 1, 15; 782 NW2d 171 (2010) (quotation marks and citation omitted).

While we also recognize that this Court should avoid an interpretation that would render any part of the statute surplusage or nugatory, *Badeen v Par, Inc*, 496 Mich 75, 81; 853 NW2d 303 (2014), our analysis does not disregard MCL 600.5856's language that tolling begins "[a]t the time notice is given." Tolling will begin at the time notice is given *only* "*if* during th[e notice] period a claim would be barred by the statute of limitations or repose[.]" MCL 600.5856(c) (emphasis added). Again, in light of the language of MCR 1.108, which governs the computation of the time at which the 182-day notice period begins, we must conclude that the statute of limitations was not tolled in this case due to the fact that it expired one day *before* the notice period began.

Additionally, as plaintiffs emphasize, we recognize the Michigan Supreme Court's admonition against "[e]xceedingly exacting interpretations of the NOI mandates" that "requir[e] plaintiffs to take extraordinary measures to satisfy the goal of providing advance notice" because such interpretations "frustrate the legislative goal of achieving prompt resolution of medical-malpractice claims without long and expensive litigation." *DeCosta v Gossage*, 486 Mich 116, 123; 782 NW2d 734 (2010). However, we do not believe that timely filing a NOI consistent

with the application of the relevant statutes and court rules "requir[es] plaintiffs to take extraordinary measures" to provide the requisite notice. Likewise, the *DeCosta* Court clarified that the statute of limitations is tolled despite defects in a NOI "*if an NOI is timely.*" *Id*. at 123 (emphasis added). Cf. *Tyra*, 498 Mich at 90-92 (discussing the application of MCL 600.2301 and the effect of compliance failures under the NOI statute); *Hatcher v State Farm Mut Auto Ins Co*, 269 Mich App 596, 603-604; 712 NW2d 744 (2005) (discussing the underlying purposes of statutes of limitation as opposed to tolling provisions). Again, "we may not read into the statute what is not within the Legislature's intent as derived from the language of the statute," *Robinson*, 486 Mich at 15 (quotation marks and citation omitted), and our analysis is consistent with the language of the relevant statutes and court rules, *Velez*, 492 Mich at 16.

## IV. CONCLUSION

Under the facts of this case, plaintiffs' service of the NOI was not sufficient to toll the statute of limitations, which expired on December 26, 2013. Pursuant to MCR 1.108(1), the 182-day notice period did not begin until December 27, 2013, and, as a result, the NOI did not toll the statute of limitations as provided under MCL 600.5856(c). Thus, the trial court erred in denying defendant's motion for summary disposition pursuant to MCR 2.116(C)(7).

Reversed and remanded for entry of an order granting summary disposition in favor of defendants. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Michael J. Riordan
/s/ Michael F. Gadola