*118 Weaver, J.
In this medical-malpractice case, we consider whether plaintiff satisfied the notice-of-intent requirements under MCL 600.2912b(2) when she timely mailed her notice of intent to file a claim (NOI) to defendants’ prior address but defendants did not receive the NOI until after the expiration of the limitations period.[1] We conclude that plaintiff satisfied the mandates of MCL 600.2912b(2) because the statute states that “[pjroof of the mailing constitutes prima facie evidence of compliance with this section” and plaintiff mailed the NOI before the date the limitations period expired. The date defendants received the NOI is irrelevant.
Further, we conclude that the period of limitations was tolled in this case in light of the recent amendments of MCL 600.5856. In Bush v Shabahang, we recognized that while former MCL 600.5856(d) had been interpreted as precluding tolling when defects exist in an NOI, the current statute, MCL 600.5856(c), makes clear that whether tolling applies is determined by the timeliness of the NOI.[2] Thus, if an NOI is timely, the period of limitations is tolled despite defects contained therein. Plaintiffs NOI was timely, and accordingly the period of limitations was tolled. Further, Bush held that errors and defects in NOIs are to be addressed in light of MCL 600.2301, which allows the amendment of NOIs and requires the court to disregard “any error or defect” when the substantial rights of the parties are not affected and the amendment is in the furtherance of justice.[3] Because defendants actually received the forwarded copies of the NOI, they were not prejudiced by *119 the fact that plaintiff timely mailed notice to their previous address and no substantial right of any party was affected. Moreover, it is in the furtherance of justice to disregard any error or defect in the NOI in this instance because to do so is in accord with the purpose of MCL 600.2912b, which is to promote settlement in place of formal litigation, thereby reducing the cost of medical-malpractice litigation while still providing compensation to injured plaintiffs.
Accordingly, we conclude that the Court of Appeals majority erred by ruling that plaintiffs notice was ineffective to toll the period of limitations because defendants actually received the timely mailed NOI, which offered the opportunity for settlement in lieu of litigation. As there was no compromise of defendants’ substantial rights and it is in the furtherance of justice to allow all parties to first seek settlement outside of court, we reverse the judgment of the Court of Appeals affirming the dismissal of plaintiffs complaint and remand this case to the trial court for further proceedings.
I. FACTS AND PROCEDURAL BACKGROUND
Defendant David Gossage presently operates his business as the Gossage Eye Center in Hillsdale, Michigan. From October 2002 until February 2004, Dr. Gos-sage maintained his office at 46 South Howell Street (the Howell office) in Hillsdale. Plaintiff Donna De-Costa sought treatment from Dr. Gossage at the Howell office in June 2002. Plaintiff made several subsequent visits to the Howell office.
In February 2004, Dr. Gossage apparently moved his medical practice to 50 West Carleton Road (the Carleton office) in Hillsdale. In June 2004, plaintiff sought treatment by defendant at the Carleton office. Defendant *120 performed cataract surgery on plaintiffs left eye on June 3, 2004. The surgery was performed at Hillsdale Community Health Center.
Plaintiff experienced several problems with her eye immediately following surgery, including vision loss and other complications. Plaintiff went back to defendant on June 4 and June 5, 2004, at the Carleton office, but her eye complications did not improve.
During her June 5 visit, defendant referred plaintiff to a retina specialist, Dr. Daniel Marcus of Toledo, Ohio. Dr. Marcus examined plaintiff in his office and later performed retinal surgery on plaintiffs left eye at Toledo Hospital. After this second surgery, plaintiff visited defendant at the Carleton office for a postoperative check. During this visit, defendant informed plaintiff that the postoperative lab results indicated that she was suffering from a coagulase-negative staphylococcal infection.
On November 20, 2006, plaintiff filed a medical-malpractice complaint against Dr. Gossage and defendant Gossage Eye Center (also referred to as the Gos-sage Eye Institute, RL.C.), alleging unnecessary cataract surgery in unsanitary conditions, among other allegations. Under MCL 600.5805(6), a medical-malpractice claim must be brought within 2 years after the claim accrues — in this case, within 2 years of plaintiffs June 3, 2004 surgery performed by Dr. Gos-sage. Thus, plaintiff filed her medical-malpractice complaint more than 2 years after her June 3, 2004 surgery.
MCL 600.2912b(l) requires that before filing a medical-malpractice complaint, a plaintiff must give notice of the plaintiffs intent to file a claim. MCL 600.2912b(2) provides:
The notice of intent to file a claim required under subsection (1) shall be mailed to the last known profes *121 sional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.
Under MCL 600.5856(c), giving the NOI tolls the period of limitations.
Plaintiff mailed copies of her NOI to Dr. Gossage and Gossage Eye Center on June 1, 2006 — two days before the two-year limitations period was to expire on June 3, 2006.
On June 5, 2006, an unknown individual at the old Howell office address accepted and signed for copies of the NOI and forwarded them to defendants at the Carleton office. Defendants acknowledge receipt of the forwarded NOI on June 6, 2006, three days after the two-year limitations period expired. Plaintiff also mailed a second set of copies of the NOI to the Carleton office, but these were mailed on June 7, 2006, four days after the limitations period expired.
After plaintiff filed her complaint for medical malpractice, defendants moved for summary disposition on the ground that plaintiff did not comply with MCL 600.2912b(2) because she failed to mail the NOI to defendants’ “last known professional business address” within two years from the date of the alleged malpractice. On May 16, 2007, the trial court granted defendants’ motion for summary disposition, concluding that plaintiff had failed to comply with MCL 600.2912b(2) because she had not timely mailed the NOI to defendants’ last known business address.
Plaintiff appealed, and on September 2, 2008, the Court of Appeals affirmed the trial court’s judgment in *122 a 2-1 decision. Dissenting Judge JANSEN acknowledged that plaintiff was aware of defendants’ new address (since she had received treatment at the Carleton office several times),[4] but Judge JANSEN could “perceive no evidence to suggest that plaintiff was aware that the new address was defendants’ sole or exclusive address.”[5]
Plaintiff appealed in this Court, and we directed the clerk of the Court to schedule oral argument on whether to grant the application or take other peremptory action.[6]
II. STANDARD OF REVIEW
This Court reviews de novo issues of law.[7] We review a trial court’s findings of fact for clear error.[8]
III. ANALYSIS
With the enactment of MCL 600.2912b, our Legislature instituted a requirement that the alleged injured party in a medical-malpractice action provide advance notice to a defendant medical provider before filing a complaint. The advance-notice requirement encourages settlement of a dispute in lieu of costly litigation, and rigid interpretations of MCL 600.2912b do not foster or encourage the statute’s goal of advancing settlement and reducing litigation costs.
In Bush, we analyzed the effect of the 2004 amendments of MCL 600.5856, the tolling statute, on previous *123 decisions of this Court that held that any defect in an NOI required dismissal of the plaintiffs cause of action.[9] Bush held that while former MCL 600.5856(d) had been interpreted as precluding tolling when defects exist in an NOI, the current statute, MCL 600.5856(c), now makes clear that whether tolling applies is determined by the timeliness of the NOI.[10] Thus, if an NOI is timely, the period of limitations is tolled despite defects contained therein. Our decision in Bush restored adherence to the statute’s true intent of promoting settlement by derailing strained interpretations regarding the adequacy of an NOI. Exceedingly exacting interpretations of the NOI mandates — requiring plaintiffs to take extraordinary measures to satisfy the goal of providing advance notice — in fact frustrate the legislative goal of achieving prompt resolution of medical-malpractice claims without long and expensive litigation. We decline to adopt any such interpretation because it was not the intent of the Legislature. As we held in Bush:
The stated purpose of § 2912b was to provide a mechanism for “promoting settlement without the need for formal litigation, reducing the cost of medical malpractice litigation, and providing compensation for meritorious medical malpractice claims that would otherwise be precluded from recovery because of litigation costs ....” To hold that § 2912b in and of itself mandates dismissal with prejudice would complicate, prolong, and significantly increase the expense of litigation. Dismissal with prejudice would be inconsistent with these stated purposes. [Bush, 484 Mich at 174-175, citing Senate Legislative Analysis, SB 270, August 11, 1993, and House Legislative Analysis, HB 4403 to 4406, March 22, 1993.]
*124 MCL 600.2912b does not require dismissal with prejudice because such a result is inconsistent with the statute’s stated purpose.[11] Moreover, the Revised Judicature Act contains a mechanism for courts to cure defects in proceedings.[12] As we stated in Bush, service of an NOI is a part of a medical-malpractice proceeding.[13] Consequently, it is subject to MCL 600.2301. Pursuant to MCL 600.2301, errors or defects in the proceedings shall be disregarded as long as the “substantial rights of the parties” are not affected.[14]
In the present case, defendants urge us to dismiss plaintiffs case because plaintiff sent the NOI to an address that they allege is their prior business address. Defendants argue, and the Court of Appeals majority agreed, that because MCL 600.2912b requires that the NOI be mailed to the last known professional business address and plaintiff sent the notice to a prior address rather than their new address, the NOI was defective and the defect cannot be cured. We disagree.
First, we are not convinced that the process of mailing the NOI was defective. While the NOI may have been mailed to what defendants claim is a previous address, there is no indication in the record that this was defendants’ sole address. Not only did the United States Postal Service deliver the mail to the Howell *125 office address, but someone at that address accepted and signed for the certified mail. Further, someone at the Howell office address promptly forwarded the NOI to defendants at the Carleton office address. From these facts, we cannot infer that the Carleton office address was defendants’ sole business address for purposes of receiving professional business correspondence.
Moreover, even if we assume that this was a defect, it was a minor technical defect in the proceedings because defendants actually received the NOI. Such minor technical defects can be cured under MCL 600.2301. The second prong of MCL 600.2301 requires that we disregard defects in proceedings that do not affect the substantial rights of the parties. Because the NOI was promptly forwarded and defendants actually received it, no substantial right of defendants was affected. Accordingly, MCL 600.2301 mandates that we disregard this purported defect. To find that an otherwise compliant NOI is not acceptable because defendants did not initially receive the NOI at their new address would be contrary to the legislative intent behind MCL 600.2912b: to foster early action and possible settlement in medical-malpractice matters that might otherwise result in costly litigation.
Moreover, it is in the furtherance of justice to disregard the defect in the NOI process in this instance because to do so is in accord with the purpose of MCL 600.2912b, which is to promote settlement in place of formal litigation, thereby reducing the cost of medical-malpractice litigation while still providing compensation to injured plaintiffs. Defendants additionally urge us to hold that plaintiff did not satisfy MCL 600.2912b(2) because defendants did not receive the NOI before the expiration of the period of limitations. However, we are not persuaded by this argument. MCL *126 600.2912b(2) states that “[pjroof of the mailing constitutes prima facie evidence of compliance with this section.” The statute does not require that a defendant receive an NOI before the period of limitations expires. When a defendant receives the NOI is irrelevant. Because plaintiff mailed the NOI before the date the limitations period expired, it was timely. Further, we agree with Judge JANSEN, who declined to affirm the trial court’s judgment given the trial court’s own findings:
I respectfully dissent from the majority’s determination that the trial court properly dismissed plaintiffs complaint.
MCL 600.2912b(2) provides:
“The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.” [Emphasis added.]
... I cannot omit mention of the fact that defendants actually received plaintiffs initial notice of intent, which was forwarded from defendants’ previous address to their new address. MCL 600.2301 directs that “[t]he court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties.” In light of the fact that defendants actually received plaintiffs initial notice of intent, I must conclude that plaintiffs act of mailing the notice to defendants’ previous address “d[id] not affect the substantial rights of the parties.” MCL 600.2301. Because *127 they actually received the forwarded notice of intent, defendants were not prejudiced by the fact that plaintiff happened to send the notice to their previous address. I would reverse and remand for reinstatement of plaintiffs complaint.[15]
IV CONCLUSION
Plaintiff satisfied the notice-of-intent requirements under MCL 600.2912b(2) when she timely mailed her NOI to defendants’ prior address but defendants did not receive the NOI until after the expiration of the limitations period. MCL 600.2912b(2) states that “[p]roof of the mailing constitutes prima facie evidence of compliance with this section,” and plaintiff mailed the NOI before the date the limitations period expired. The date defendants received the NOI is irrelevant.
Further, we conclude that the period of limitations was tolled in this case. If an NOI is timely, the period of limitations is tolled despite defects contained therein. MCL 600.2301 allows for the amendment of NOIs and requires the court to disregard “any error or defect” when the substantial rights of the parties are not affected and the amendment is in the furtherance of justice. Because defendants actually received the forwarded copies of the NOI, they were not prejudiced by the fact that plaintiff timely mailed notice to the previous address, and no substantial right of any party was affected. Moreover, it is in the furtherance of justice to disregard any error or defect in the NOI in this instance.
Accordingly, we conclude that the Court of Appeals erred by finding that plaintiffs notice was ineffective to toll the period of limitations. We reverse the judgment of the Court of Appeals affirming the dismissal of *128 plaintiffs complaint and remand this case to the trial court for further proceedings.
Reversed and remanded for reinstatement of plaintiffs complaint.
Hathaway, J. concurred with Weaver, J.
Kelly, C.J., and Cavanagh, J. We concur in the result.

 The period of limitations for medical-malpractice actions is two years. MCL 600.5805(6).

 Bush v Shabahang, 484 Mich 156, 161, 185; 772 NW2d 272 (2009).

 Id. at 185.

 Between June and October 2004, plaintiff sought treatment approximately seven times at the Carleton office.

 DeCosta v Gossage, unpublished opinion per curiam of the Court of Appeals, issued September 2, 2008 (Docket No. 278665), p 2 (Jansen, J., dissenting).

 DeCosta v Gossage, 483 Mich 963 (2009).

 Odom v Wayne Co, 482 Mich 459, 467; 760 NW2d 217 (2008).

 Henry v Dow Chem Co, 484 Mich 483, 495; 772 NW2d 301 (2009).

 See, e.g., Boodt v Borgess Med Ctr, 481 Mich 558, 561; 751 NW2d 44 (2008).

 Bush, 484 Mich at 161, 185.

 Id. at 174-175.

 MCL 600.2301 states:
The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties. [Emphasis added.]

 Bush, 484 Mich at 176.

 MCL 600.2301.

 DeCosta, unpub op at 1-2 (Jansen, J., dissenting).