# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 28, 2010

136731(52)

SARA GRIESBACH, as Next Friend of
PATRICK GRIESBACH, Minor, and
TIMOTHY GRIESBACH,
       Plaintiffs-Appellants/
       Cross-Appellees,

v

ROBERT R. ROSS, P.A.-C.,
       Defendant-Appellee/
       Cross-Appellant,

and

FRANK L. FENTON, D.O. and WALLED
LAKE MEDICAL CENTER, P.C.,
       Defendants.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 136731
COA: 275826
Oakland CC: 2004-062028-NH

On order of the Court, the motion for reconsideration of this Court's February 17, 2010 order is considered, and it is GRANTED. We VACATE our order dated February 17, 2010. On reconsideration, the application for leave to appeal the May 22, 2008 judgment of the Court of Appeals and the application for leave to appeal as cross-appellant are considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals, and we REMAND this case to that court for reconsideration of the defendant's appeal in light of this Court's decision in *Bush v Shabahang*, 484 Mich 156 (2009), and *Potter v McLeary*, 484 Mich 397 (2009).

We do not retain jurisdiction.

MARKMAN, J. (*dissenting*).

I dissent, and would grant the motion for reconsideration and, on reconsideration, would vacate this Court's February 17, 2010 order, and deny leave to appeal. I concur with Justice YOUNG's legal analysis in the previous order concerning the irrelevance of

*Bush v Shabahang,* 484 Mich 156 (2009), and *Potter v McLeary,* 484 Mich 397 (2009), to the instant case. *Griesbach v Ross*, 485 Mich 1091 (2010). The majority's decision to vacate the Court of Appeals and remand for reconsideration in light of our completely inapposite decisions in *Bush* and *Potter*, as well as the majority's recent decision in ADM 2009-13 to revise court rules pertaining to affidavits of merits in a manner inconsistent both with this Court's opinion in *Kirkaldy v Rim,* 478 Mich 581 (2007), and with the constitution's apportionment of legislative and judicial responsibilities, is indicative of an attitude toward tort and medical malpractice reform that ought to be deeply troubling to citizens of this state concerned about representative self-government. My objections are elaborated upon in dissents in *Bush*, *Potter*, and ADM 2009-13.

CORRIGAN and YOUNG, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 28, 2010

d0525

Clerk