GRIESBACH v ROSS (ON REMAND)

Docket No. 275826. Submitted July 6, 2010, at Lansing. Decided November 23, 2010. Approved for publication January 13, 2011, at 9:05 a.m.

Patrick Griesbach, a minor, by his next friend Sara Griesbach, and Timothy Griesbach brought a medical-malpractice action in the Oakland Circuit Court against Frank L. Fenton, D.O., and Walled Lake Medical Center, P.C. The alleged malpractice occurred in July 2002. Plaintiffs filed their notice of intent to file a claim on April 29, 2004, and filed their complaint on October 28, 2004. On January 26, 2005, defendants Fenton and Walled Lake Medical Center filed a notice of nonparty at fault, identifying Robert R. Ross, a certified physician assistant. On April 29, 2005, plaintiffs filed an amended complaint, adding Ross as a defendant. Plaintiffs stipulated to dismiss Fenton and Walled Lake Medical Center and proceeded against Ross. Following a jury verdict in favor of plaintiffs, the trial court, Denise Langford Morris, J., entered a judgment in favor of plaintiffs. Ross moved for judgment notwithstanding the verdict, arguing that the claims against him were barred by the statute of limitations, and the trial court denied that motion. Ross appealed. The Court of Appeals, K. F. KELLY, P.J., and OWENS and SCHUETTE, JJ., held in an unpublished opinion per curiam, issued May 22, 2008 (Docket No. 275826), that the amended complaint, by which Ross was added as a defendant, was not timely filed within the applicable two-year limitation period. On February 17, 2010, the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the case to the circuit court for reconsideration in light of *Bush v Shabahang*, 484 Mich 156 (2009), and *Potter v McLeary*, 484 Mich 397 (2009). 485 Mich 1095 (2010). The Supreme Court then granted a motion for reconsideration, vacated its February 17, 2010, order, and, on reconsideration, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded the matter to the Court of Appeals for reconsideration in light of *Bush* and *Potter*. 486 Mich 933 (2010).

On remand, the Court of Appeals *held*:

1. The *Bush* case is distinguishable from this case and its analysis is inapplicable to this case. Here, the notice of intent was defective, not because of an alleged omission of required allegations in the notice like in *Bush*, but because it did not name Ross as a party. The complete failure to serve Ross cannot be considered a mere defect that is subject to cure under MCL 600.2301. The *Bush* opinion affords no relief to plaintiffs.

2. The *Potter* decision is irrelevant to this case, which does not involve the questions presented in *Potter*. *Potter* does not compel a finding that the notice of intent sent to defendants Fenton and Walled Lake Medical Center tolled the statute of limitation with respect to defendant Ross, who was not named in that notice of intent. The trial court erred by denying the motion for judgment notwithstanding the verdict by defendant Ross.

Reversed.

*Sommers Schwartz, P.C.* (by *Danielle C. Schoeny*), and *Gasiorek Morgan & Greco, P.C.* (by *Paul W. Hines*), for Patrick and Timothy Griesbach.

*Collins, Einhorn, Farrell & Ulanoff, P.C.* (by *Noreen L. Slank*), for Robert R. Ross, P.A.-C.

ON REMAND

Before: K. F. KELLY, P.J., and BANDSTRA and OWENS, JJ.

PER CURIAM. This medical-malpractice case returns to this Court on remand from the Michigan Supreme Court with directions that we reconsider the appeal of defendant Robert R. Ross, in light of *Bush v Shabahang*, 484 Mich 156; 772 NW2d 272 (2009), and *Potter v McLeary*, 484 Mich 397; 774 NW2d 1 (2009). See *Griesbach v Ross*, 486 Mich 933 (2010).[1] In the

---

[1] Our Supreme Court initially vacated our prior opinion and remanded to the circuit court for reconsideration in light of *Bush* and *Potter*. See *Griesbach v Ross*, 485 Mich 1095 (2010). However, it subsequently vacated that order and, after again vacating our prior opinion, remanded the case to this Court, directing this Court to reconsider the issue. *Griesbach*, 486 Mich 933.

original appeal, defendant Ross, a certified physician assistant, sought relief from an adverse jury verdict. We held that an amended complaint, by which Ross was added as a defendant, was not timely filed within the applicable period of limitations. *Griesbach v Ross*, unpublished opinion per curiam of the Court of Appeals, issued May 22, 2008 (Docket No. 275826) (hereinafter *Griesbach I*). For the reasons set forth in this opinion, we again reverse.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case were summarized in this Court's original opinion:

> On July 2, 2002, . . . Sara Griesbach took her 13-year-old son, [plaintiff] Patrick Griesbach, to see Ross at defendant Walled Lake Medical Center, P.C. ("Walled Lake"). Patrick complained of pain in his right leg. Ross ordered an x-ray, urinalysis, and blood tests, diagnosed a pulled muscle, and prescribed Tylenol® or ibuprofen. During the night, Patrick's pain increased, and Sara took Patrick to see Ross on July 3, 2002. Patrick again complained of leg pain. Ross did not know why Patrick was experiencing such pain, and he diagnosed a severely pulled muscle and prescribed Tylenol® with codeine. Ross also ordered a deep vein thrombosis test, the result of which was normal. Ross told Sara that the results of the blood tests were all normal, although Patrick's sedimentation rate was elevated, which is an indicator of inflammation. Defendant, Dr. Frank L. Fenton, D.O., a board-certified family practice physician, supervised Ross at Walled Lake. Fenton was not at Walled Lake during either of these visits, and although he was available by telephone or pager, Ross did not contact him. Ross did not suggest taking Patrick to the emergency room or consulting a specialist.

> After seeing Ross on July 3, 2002, the Griesbachs went on a previously scheduled trip, and the pain medication helped Patrick at first. However, on July 5, the pain increased and Patrick began vomiting. On July 6, Patrick was

in "tremendous pain", and the Griesbachs returned to Michigan and took Patrick to the emergency room. Patrick was initially diagnosed with juvenile rheumatoid arthritis, but he was ultimately diagnosed with osteomyelitis, an infection in the bone. Patrick suffered from necrosis of the head of his femur and irreversible destruction of the cartilage in his hip, requiring surgery. [*Greisbach I*, unpub op at 1-2.]

There is no dispute that plaintiffs' complaint was timely filed with regard to defendants Fenton and Walled Lake. The alleged malpractice occurred on July 2 or 3 in 2002 and the limitations period would therefore expire on July 3, 2004. See MCL 600.5805(6) (setting a two-year limitations period for medical-malpractice claims). On April 29, 2004, plaintiffs filed their notice of intent (NOI) to file a claim, but only with regard to defendants Fenton and Walled Lake, and on October 28, 2004, 182 days later, they filed their complaint, again only with regard to defendants Fenton and Walled Lake. See MCL 600.2912b(1).[2] And, because plaintiffs filed an NOI within the limitations period, the statute of limitations was tolled, see MCL 600.5856(c), and their complaint was not barred by the July 2, 2004, limitations date.

Subsequently, on January 26, 2005, defendants Fenton and Walled Lake filed a notice of nonparty at fault pursuant to MCR 2.112(K), identifying Ross. On April 29, 2005, plaintiffs filed an amended complaint, adding Ross as a defendant. Given the two-year period of limitations, the complaint regarding defendant Ross

---

[2] MCL 600.2912b(1), provides, in pertinent part:

Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

was filed outside that period. However, MCL 600.2957(2) provides that a cause of action filed after a nonparty at fault is identified will not be barred by the applicable limitations period unless it would have been barred at the time the initial complaint was filed.[3] Therefore, the issue presented in *Griesbach I* was whether plaintiffs' cause of action against defendant Ross would have been barred on October 28, 2004, when they filed their initial complaint against defendants Fenton and Walled Lake. This Court held that the claim against defendant Ross was barred when the October 28, 2004, complaint was filed because the NOI pertaining to defendants Fenton and Walled Lake did not toll the limitations period with respect to defendant Ross. We now consider the same question again, in light of *Bush* and *Potter* pursuant to our Supreme Court's remand order.

## II. *BUSH v SHABAHANG*

In *Bush*, 484 Mich 156, the NOI did not meet the *content* requirements of MCL 600.2912b(4), i.e., the provision detailing what information an NOI must include. However, the *Bush* Court held that a timely filed NOI, even if defective under § 2912b, tolls the statute of limitations under § 5856(c), as amended by 2004 PA 87. *Bush*, 484 Mich at 170. The Court noted that § 2912b(1) focused on the timing of the notice, not on the absence of defects, and concluded that the Legislature never intended to bar an action on the basis of defects in the NOI. *Bush*, 484 Mich at 173. The Court held that defective NOIs could be cured pursuant to

---

[3] In *Driver v Naini*, 287 Mich App 339, 352; 788 NW2d 848 (2010), this Court concluded that the NOI statute, MCL 600.2912b, controlled over the nonparty-at-fault statute, MCL 600.2957(2), so that the time requirements for filing a complaint set forth in the NOI statute control.

MCL 600.2301, stating: "[T]he applicability of § 2301 rests on a two-pronged test: first, whether a substantial right of a party is implicated and, second, whether a cure is in the furtherance of justice. If both of these prongs are satisfied, a cure will be allowed 'on such terms as are just.' " *Bush*, 484 Mich at 177-178, quoting MCL 600.2301. The Court reasoned that because a health-care professional would be able to evaluate a claim, despite defects in the NOI, his or her substantial rights would not be implicated. See *Bush*, 484 Mich at 178. Further, it found that a cure would be in the furtherance of justice because, under the factual circumstances, the plaintiff had made a good-faith attempt to comply with the content requirements of § 2912b(4). *Bush*, 484 Mich at 178. In other words, a trial court should only consider a dismissal based on a defective NOI if the defect affected a party's substantial rights and the plaintiff has not made a good-faith attempt to comply with the content requirements. *Id.*

In our view, *Bush* is distinguishable from the present case and, consequently, its analysis is simply inapplicable. Here, the NOI was not defective because of an omission of required allegations; rather, it was fatally deficient because it did not name a party. Unlike the defendants in *Bush*, the substantial rights of defendant Ross, a health-care professional, were implicated. Defendant Ross was never in a position to evaluate the claim against him, unlike the defendants in *Bush*, because he never received timely notice of a claim pending against him. Thus, the complete failure to serve defendant Ross with an NOI cannot be considered a mere defect, subject to cure. This Court articulated this same rationale when it recently held that *Bush* did not control where a complete failure to serve an NOI occurs:

> *Bush* dealt with a situation in which there were defects in a notice of intent, not a situation in which a party was completely left out of a notice of intent (received no notice whatsoever). *Bush*, 484 Mich at 160-161. Therefore, *Bush* is distinguishable. The first (and only relevant) issue in *Bush* was whether defects in a notice of intent would preclude tolling of the statute of limitations under MCL 600.5856. The Court held that defects in the notice of intent did not preclude notice tolling, because defects in the notice of intent can be addressed under MCL 600.2301, which allows for amendment and disregard of "any error or defect," where the substantial rights of the parties are not affected, and the cure is in furtherance of justice. *Bush*, 484 Mich at 161. We hold that plaintiffs' failure to give any notice whatsoever to CCA in the original notice of intent cannot be considered a mere defect in the notice, subject to cure, and also that the substantial rights of CCA would be affected (indeed, CCA, though a corporate person, has a due process right to notice). We also hold that such a drastic "cure" (adding a new party) would not be in the furtherance of justice (if plaintiffs could obtain tolling for a claim against CCA, though no notice whatsoever was provided to CCA in the original notice of intent). See *id.* Therefore, *Bush* and MCL 600.2301 do not allow plaintiffs to leave CCA out of the original notice of intent, toll the statute of limitations as against CCA, and then "cure" the "error or defect" by giving CCA an amended notice. [*Driver v Naini*, 287 Mich App 339, 354-355; 788 NW2d 848 (2010) (emphasis omitted).]

See also *Griesbach*, 485 Mich at 1095-1099 (YOUNG, J., dissenting).

Here, there was a complete failure to serve defendant Ross an NOI. Thus, *Bush* affords no relief to plaintiffs.

### III. *POTTER v McLEARY*

In *Potter*, 484 Mich 397, the Michigan Supreme Court addressed whether a professional corporation is entitled to service of an NOI when the plaintiff alleges vicarious

liability for medical malpractice based on the conduct of one of its health professionals. *Id.* at 413-414. It concluded that such a professional corporation is entitled to service of an NOI, *id.* at 419, and held that the notice requirement of § 2912b does not require the plaintiff to explain the relationship between the professional corporation and its servants. *Potter*, 484 Mich at 420-421. Given the issues at play in *Potter*, it is plain to us that *Potter* is irrelevant to the present matter. This case involves questions pertaining to the applicable notice period under §§ 2912b and 2957(2); it does not involve the questions present in *Potter*. See also *Griesbach*, 485 Mich at 1095-1099 (YOUNG, J., dissenting). Accordingly, *Potter* does not compel a finding that the NOI sent to defendants Fenton and Walled Lake tolled the statute of limitations with respect to defendant Ross.[4] The trial court erred by denying the motion for judgment notwithstanding the verdict by defendant Ross.

Reversed.

---

[4] In *Griesbach I*, this Court did not reach the other arguments of defendant Ross. Specifically, the Court did not address Ross's challenges to "the timeliness of plaintiffs' amended complaint, the admission of expert testimony, and the future damages award." *Griesbach I*, unpub op at 7. Given our resolution of this dispute on remand, we again find it unnecessary to consider these issues.