*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHAYSE PARMELE,

Plaintiff-Appellee,

v

KEVIN K. HANNAWA, M.D.,

Defendant-Appellant,

and

ST. JOSEPH MERCY – CHELSEA, also known as
CHELSEA COMMUNITY HOSPITAL,

Defendant-Appellee.

UNPUBLISHED
February 14, 2025
10:28 AM

No. 365904
Washtenaw Circuit Court
LC No. 22-001620-NH

Before: YOUNG, P.J., and GARRETT and WALLACE, JJ.

PER CURIAM.

In this tort action arising from allegations of medical malpractice, defendant Kevin Hannawa, M.D., appeals as on leave granted[1] the trial court's order denying his motion for summary disposition under MCR 2.116(C)(7) (barred by statute of limitations), (C)(8) (failure to state a claim), and (C)(10) (no genuine issue of material fact). The sole issue on appeal is whether plaintiff complied with MCL 600.2912b, which requires that a notice of intent to file a claim (NOI) be sent to defendant prior to filing a suit alleging medical malpractice. We affirm the decision of the trial court as we find that plaintiff complied with the requirements of MCL 600.2912b.

---

[1] This Court denied leave in *Parmele v Hannawa*, unpublished order of the Court of Appeals, entered November 1, 2023 (Docket No. 365904). Defendant applied to the Michigan Supreme Court for leave to appeal this Court's order and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, the Court remanded this case to this Court for consideration as on leave granted. *Parmele v Hannawa*, 513 Mich 1051; 4 NW3d 341 (2024).

# I. FACTS AND PROCEDURAL HISTORY

On June 2, 2020, the then 18-year-old plaintiff presented as a patient at St. Joseph Mercy – Chelsea (Chelsea Hospital), after sustaining an injury to his right toe earlier that day. He was examined by an emergency room physician who ordered x-rays and noted that the right great toe had a laceration that did not reveal the bone or tendon, and also noted that the tendons appeared to be intact. Plaintiff's x-rays were interpreted that day by defendant who authored a report indicating there was no fracture or dislocation. The emergency room physician subsequently authored a note saying that plaintiff had a simple laceration, which was repaired, and that there was no tendon injury noted on his examination; x-rays were negative for acute fracture or foreign body; he was to be discharged and told to return in 10 days for suture removal; and he was to be given instructions with reasons to return (including infection).

Plaintiff alleges he was subsequently referred to an orthopedic specialist who ordered x-rays and diagnosed him with a chronic dislocation of the interphalangeal (IP) joint following a flexor tendon avulsion with joint instability. He then underwent surgery consisting of arthrodesis of the IP joint, which included removal of the avulsion fracture. Plaintiff alleges he underwent physical therapy following surgery and continues to suffer pain and impaired use of the right foot.

On November 30, 2022, plaintiff filed a complaint against defendants Hannawa and Chelsea Hospital alleging that Hannawa breached the standard of care of a physician practicing diagnostic radiology by failing to arrive at a differential diagnosis which would be consistent with the complaints made by plaintiff, and by incorrectly interpreting the radiology studies taken on June 2, 2020. Plaintiff alleged that Hannawa's breach in the standard of care proximately caused the condition of his right foot to worsen and require surgical intervention that would not have been necessary if Hannawa had complied with the standard of care. Plaintiff also alleged that defendant Chelsea Hospital was vicariously liable for the negligence of Hannawa. An affidavit of merit was attached to plaintiff's complaint, signed by a board-certified radiologist.

On May 27, 2022, more than 182 days prior to filing the above-referenced complaint, plaintiff mailed an NOI to defendant Hannawa, pursuant to MCL 600.2912b, addressed as follows:

Keven K. Hannawa, MD
St. Joseph Mercy Chelsea
775 S Main St
Chelsea, MI 48118-1383

The address to which plaintiff mailed the NOI was the address of the same facility where plaintiff had been seen by defendant on the date of the alleged malpractice, Chelsea Hospital. The NOI, which was sent via 1-Day priority mail, was not returned as undeliverable.

On February 16, 2023, defendant Hannawa filed his first responsive pleading, which was a motion for summary disposition alleging that plaintiff failed to serve an NOI on defendant prior to filing his complaint, in violation of the requirements of MCL 600.2912b, because plaintiff's NOI was not mailed to defendant's last known professional business address or residential address; rather, the NOI was mailed to Chelsea Hospital, which defendant alleged was not his last known

professional business address. Defendant Chelsea Hospital filed a concurrence requesting that plaintiff's complaint be dismissed.

Following a hearing on the motion for summary disposition conducted on March 23, 2023, the trial court entered an order denying the motion for summary disposition.

Defendant Hannawa then filed an application for leave to appeal with this Court, which was denied on November 1, 2023.[2] Defendant filed an application for leave to appeal this Court's order to the Michigan Supreme Court and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, the Supreme Court remanded the case to this Court for consideration as on leave granted.[3]

## II. STANDARDS OF REVIEW

We review de novo a trial court's decision on a motion for summary disposition to determine whether the moving party was entitled to judgment as a matter of law. *ER Zeiler Excavating, Inc v Valenti Trobec Chandler Inc*, 270 Mich App 639, 643; 717 NW2d 370 (2006). Likewise, in the absence of disputed facts, the issue of whether a civil action is barred by the applicable limitations period is a question of law, which we review de novo review. *Joliet v Pitoniak*, 475 Mich 30, 35; 715 NW2d 60 (2006). Further, issues of statutory interpretation, like the one presented here, involve questions of law that are reviewed de novo. *Bush v Shabahang*, 484 Mich 156, 164; 772 NW2d 272 (2009).

## III. ANALYSIS

Defendant argues on appeal that, pursuant to MCL 600.2912b, plaintiff was required to send an NOI to defendant's last known business address or residential address, and that he failed to do so prior to filing the complaint, when he mailed the NOI to the facility where plaintiff had been treated, Chelsea Hospital. More specifically, defendant argues that plaintiff's actions in mailing the NOI to Chelsea Hospital did not comply with the statute because, pursuant to subsection (2), mailing the NOI to the facility where he was treated was only permitted if defendant's business or residential address were not easily ascertainable. Further, defendant argues that his business address was reasonably ascertainable. As proof of that assertion, defendant attached the results of a search engine query that his attorney performed approximately 10 months after the NOI was mailed, some of which provided the address that defendant alleges to be his last known business address, on McAuley Drive, in Ypsilanti. Because his address was easily ascertainable, defendant argues, plaintiff did not comply with the requirements of MCL 600.2912b(2), meaning the complaint as to defendant must be dismissed, and the dismissal must be with prejudice because the failure to properly send an NOI did not toll the statute of limitations, which expired after the date on which the complaint was filed.

---

[2] Defendant Chelsea Hospital did not file an application for leave to appeal. As a result, references to "defendant" throughout the remainder of this opinion refer solely to Hannawa.

[3] *Parmele v Hannawa*, 513 Mich 1051; 4 NW3d 341 (2024).

In response, plaintiff argues that, at the time of the mailing of the NOI, he reasonably believed that Chelsea Hospital was the last known business address for defendant and, secondarily, even if he failed to mail the NOI to defendant's last known business address, that address was not reasonably ascertainable at that time, meaning that his act of mailing the NOI to the place where he was treated, Chelsea Hospital, complied with the requirements of MCL 600.2912b. We agree.

The parties agree that the statute controlling the issue in this matter is MCL 600.2912b, which states:

> (1) Except as otherwise provided in this section, a person shall not commence an action alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days before the action is commenced.

> (2) The notice of intent to file a claim required under subsection (1) shall be mailed to the last known professional business address or residential address of the health professional or health facility who is the subject of the claim. Proof of the mailing constitutes prima facie evidence of compliance with this section. If no last known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered.

The parties also agree that, under MCL 600.5805(8), the limitations period for a medical malpractice case in Michigan is two years from the date of the malpractice. Absent any tolling, the statute of limitations for the malpractice claim against defendant would have expired on June, 2, 2022, two years after he is alleged to have committed malpractice. Pursuant to MCL 600.5856(c), the statute of limitations is tolled,

> [a]t the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given.

At the time that plaintiff mailed the NOI, on May 27, 2022, there were approximately 6 days left before the limitations period would expire. If the NOI complied with the requirements of § 2912b, then the statute of limitations tolled for 182 days, starting on May 27, 2022, and recommenced after November 25, 2022. The complaint was filed on November 30, 2022. Assuming that the mailing of the NOI tolled the limitations period, the complaint was filed one day prior to the date on which the period of limitations would have run, i.e., December 1, 2022. On the other hand, if

plaintiff did not comply with § 2912b, then the statute of limitations was not tolled and, as noted above, it expired on June 2, 2022.[4]

Before we consider defendant's argument regarding § 2912b, we review the Michigan Supreme Court's decision in *DeCosta v Gossage*, 486 Mich 116; 782 NW2d 734 (2010), in which it addressed the issue of compliance with that section, where the plaintiff had delivered the requisite NOI to the defendant physician's former address. The plaintiff in *DeCosta* had received treatment from the defendant at two separate locations, one on South Howell Street and one on West Carleton Road (both in Hillsdale). *Id*. at 119. The Court first noted the legislature's intentions as it applied to § 2912b:

> With the enactment of MCL 600.2912b, our Legislature instituted a requirement that the alleged injured party in a medical-malpractice action provide advance notice to a defendant medical provider before filing a complaint. *The advance-notice requirement encourages settlement of a dispute in lieu of costly litigation, and rigid interpretations of MCL 600.2912b do not foster or encourage the statute's goal of advancing settlement and reducing litigation costs*. [*Id*. at 122 (emphasis added).]

The Court then took note of its decision in *Bush*, 484 Mich at 161, where it analyzed the effects of the 2004 amendments to MCL 600.5856, the tolling statute. *Id*. at 122-123. Prior to those amendments, the Court had interpreted MCL 600.5856(c) as precluding tolling when defects existed in an NOI, but it stated that the current statute, MCL 600.5856(c),

> now makes clear that whether tolling applies is determined by the timeliness of the NOI. Thus, if an NOI is timely, the period of limitations is tolled despite the defects contained therein. Our decision in *Bush* restored adherence to the statute's true intent of promoting settlement by derailing strained interpretations regarding the adequacy of an NOI. Exceedingly exacting interpretations of the NOI mandates– requiring plaintiffs to take extraordinary measures to satisfy the goal of providing advance notice—in fact frustrate the legislative goal of achieving prompt resolution of medical-malpractice claims without long and expensive litigation. We decline to adopt any such interpretation because it was not the intent of the Legislature. [*DeCosta*, 486 Mich at 123.]

The defendants in *DeCosta* urged the Court to dismiss the plaintiff's case because the NOI was sent to an address that the defendants alleged was not their last known business address. The Court declined to dismiss the case. "First, we are not convinced the process of mailing the NOI was

---

[4] To be clear, there is no dispute in this matter that the NOI was mailed more than 182 days before the filing of the complaint, and there is no dispute that the NOI was addressed to defendant at the Chelsea Hospital facility where plaintiff was treated. Also, this appeal does not concern a dispute about whether the contents of the NOI were defective or that the wrong party is named in the NOI. Rather, the sole argument by defendant is that plaintiff did not comply with the statutory requirements for sending the NOI, i.e., the requirements contained in § 2912b.

defective. While the NOI may have been mailed to what defendants claim is a *previous* address, there is no indication in the record that this was defendants' sole address." *Id*. at 124. The Court also noted that someone from that address accepted the mail addressed to defendant and forwarded it to defendant. "From these facts, we cannot infer that the Carleton office address was defendants' sole business address for purposes of receiving professional business correspondence." *Id*. at 125. The defendants also urged the Court to hold that the plaintiff did not satisfy MCL 600.2912b(2) because they did not receive the NOI before the expiration of the statute of limitations; however, the Court was not persuaded by that argument because that provision states that proof of the mailing constitutes prima facia evidence of compliance. *Id*. at 125-126. "The statute does not require that a defendant receive an NOI before the period of limitations expires. When defendant receives the NOI is irrelevant." *Id*. at 126.

In the present case, defendant alleges that his business address, at the time the NOI was mailed, was the address of his employer, Huron Valley Radiology, 5333 McAuley Drive, Suite 6016, Ypsilanti, MI 48197 (on appeal, plaintiff does not appear to dispute that allegation). Defendant's primary argument is that the McAuley Drive address was reasonably ascertainable at the time the NOI was sent by plaintiff. In support of that argument, defendant attaches the results of a search engine search, with approximately ten results, some of which reference Huron Valley Radiology, his employer. On its face, the document appears to show a summary of searches conducted between March 10, 2023 and March 14, 2023, which was ten months *prior* to the date on which the NOI was sent, so it is questionable what evidentiary value this document even contains. However, setting that aside, the document is more harmful to defendant's argument than it is helpful. The featured response to the search, contained prominently on the right-hand side of the page, suggests that defendant's business address was 1500 E Medical Center Dr. #6303, Ann Arbor, MI 48109. Two of the results on the second page suggested that his office was actually in Kalamazoo.

In response, plaintiff relies on multiple exhibits to demonstrate that it was not easy to ascertain that the defendant's principal place of business was located at the McAuley Road address, including the above referenced inconsistent search engine results suggesting that defendant's office may be in Ann Arbor or Kalamazoo. In addition, plaintiff attached information from the NPI Registry, which is a website managed by the U.S. Centers for Medicare & Medicaid Service that includes the mailing addresses of health care providers who accept Medicare and/or Medicaid. Pages on that government website list an office for defendant in Grand Rapids, Kalamazoo and Adrian, as well as the office on McAuley Drive. Plaintiff also attached pages from the website of defendant's employer, Huron Valley Radiology, which says it has offices in at least 17 different cities in Michigan. The Huron Valley Radiology office that is listed in Ypsilanti does not even have the McAuley Drive address – the address listed is 135 S. Prospect St., Ypsilanti, MI 48198. Although the McAuley Drive address was not listed, one of the addresses that was listed was the address for Chelsea Hospital.

Plaintiff has also attached his medical records from the treatment he received at Chelsea Hospital on the date of the incident. Aside from whatever conflicting office information was available about defendant on the internet, the one set of documents available to plaintiff upon which he could personally rely, as it pertained information regarding his treating healthcare providers (including defendant), was the record of his own medical treatment on June 2, 2020,

which *did not* contain the McAuley drive address, but which *did* contain the Chelsea Hospital address.

The interpretation of § 2912b that defendant urges this court to adopt would be as follows: anytime a healthcare provider's address appears on the results of a query conducted on an internet search engine, then their business address is reasonably ascertainable, even if that address is just one of many addresses that appear in the results, and even if that address appears nowhere in the record of plaintiff's medical treatment. We decline to adopt defendant's interpretation of § 2912b.

Defendant's only argument, as it pertains to his residential address, is that plaintiff could have ascertained his residential address because he served the complaint at that address. Plaintiff responds by noting that the complaint was served more than six months after the NOI was mailed, when he hired a process server. Plaintiff argues that there is no requirement in § 2912b that a person hire a process server or investigator to locate a physician's address. Rather, the statute simply says to mail the NOI to his last *known* business address or residential address, and allows the NOI to be mailed to the facility where treatment occurred if those addresses cannot reasonably be ascertained. We agree. The fact that defendant (or his process server) was able to discover defendant's residential address at some point in the more than six-month period of time following the mailing of the NOI does not indicate that defendant's residential address was reasonably ascertainable at that time.

Plaintiff also argues that the Chelsea Hospital address was, in fact, the last *known* business for defendant at the time of the mailing of the NOI and that his belief, that the Chelsea Hospital address was defendant's business address, was reasonable. As a result, plaintiff argues, he has complied with § 2912b. As persuasive authority in support of this argument, plaintiff cites to this Court's unpublished decision in *Patterson v St Joseph Mercy Hosp Ann Arbor*, unpublished per curiam opinion of the Court of Appeals, issued October 28, 2021 (Docket No. 352631),[5] where this Court held that the plaintiff's mailing of an NOI to an address that plaintiff believed to be the business address of the defendant, due to online research plaintiff conducted that he believed to be accurate, complied with the requirements of MCL 600.2912b because he reasonably believed at the time of mailing that it was defendant's business address, even though the NOI was subsequently returned by the postal service.[6]

In this case, plaintiff appeared at Chelsea Hospital on the date of the incident seeking medical services. The attending emergency room physician ordered x-rays that were performed by a technician and then interpreted by defendant that day. Plaintiff never saw defendant at the hospital. Plaintiff had no way of knowing that defendant allegedly did not work at that location. In fact, he had every reason to believe that defendant did work there. His own medical record, as

---

[5] "Unpublished opinions are . . . not binding authority but may be persuasive or instructive." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

[6] The plaintiff in *Patterson* searched the website of the State of Michigan's Department of Licensing and Regulatory Affairs (LARA) and found a business address for the defendant, who had previously provided LARA with the wrong suite number, which is why the NOI was returned by the postal service (because the envelope was addressed to the wrong suite number).

it pertained to x-rays, stated that it was electronically reviewed and signed by Kevin K Hannawa, and the only address contained in the records was an address for Chelsea Hospital. Defendant's argument that plaintiff should have turned to the internet to ascertain the correct address is directly contradicted by his own employer's website, which advertised to the world that Chelsea Hospital was one of its locations. As such, plaintiff argues, the last *known* professional business address for defendant was Chelsea Hospital, where plaintiff underwent the x-ray that defendant interpreted that same day.

Again, in *DeCosta*, the Supreme Court emphasized that exceedingly exacting interpretations of the NOI mandates, requiring plaintiff to take extraordinary measures to satisfy the goal of providing advance notice of a malpractice claim, frustrate the legislative goal of achieving prompt resolution of medical malpractice claims without long and expensive litigation. *DeCosta*, 486 Mich at 123. Considering the facts of this case, we find that plaintiff complied with MCL 600.2912b because the Chelsea Hospital address was defendant's last *known* business address at the time of the mailing of the NOI. Regardless, even if this Court found that the Chelsea Hospital address was not defendant's last known address at that time, we would nonetheless find that defendant complied with MCL 600.2912b, consistent with the Supreme Court's interpretation of that statute in *DeCosta*, because defendant's residential and business addresses were not reasonably ascertainable at the time of the mailing of the NOI where defendant's address did not appear in any of plaintiff's medical records and where the information available to the public suggested a long list of potential business addresses for defendant, all but one of which were incorrect, according to defendant. As such, subsection (2) of the statute permitted plaintiff to mail the NOI to the place where the treatment occurred, Chelsea Hospital.

Defendant's reliance upon *Griesbach v Ross*, 291 Mich App 295; 804 NW2d 921 (2010) and *Driver v Naini*, 490 Mich 239; 802 NW2d 311 (2011), is misplaced because neither case is applicable to the facts here. *Griesbach* involved a plaintiff who timely sent an NOI to each of two defendants and then timely filed a complaint naming both the defendants, who responded by filing a notice of nonparty at fault naming a potential third defendant. *Griesbach*, 291 Mich App at 298. The plaintiff then filed an amended complaint adding the third defendant as a party, even though she never sent the third defendant an NOI. *Id*. This Court reversed the trial court's judgment in favor of plaintiff (against the third defendant) because she failed to mail an NOI to the third defendant.[7] *Id*. at 299, 302. In the present case, there is no argument that plaintiff failed to mail an NOI, the argument pertains to whether plaintiff mailed it to the proper address. As such, the holding in *Griesbach* is not applicable to this case. *Driver* likewise involved a plaintiff who timely

---

[7] We note that *Griesbach* repeatedly refers to the failure to "serve" the NOI on the third defendant in that case, but it is clear that the term "serve" as used in *Griesbach* refers to service under MCL 600.2912b(2), which according to that statute, means that the NOI is "mailed to the last known professional address or residential address of the health professional or health facility . . . Proof of the mailing constitutes prima facie evidence of compliance with this section. If no known professional business or residential address can reasonably be ascertained, notice may be mailed to the health facility where the care that is the basis for the claim was rendered." See also *Haksluoto v Mt Clemens Regional Med Ctr*, 500 Mich 304, 310; 901 NW2d 577 (2017) ("Michigan employs a 'mailbox rule' for providing this notice of intent.").

-8-

filed an NOI and complaint with respect to two defendants, who also responded by filing a notice of nonparty at fault naming a third potential defendant. *Driver*, 490 Mich at 244. Unlike the plaintiff in *Griesbach*, who never sent an NOI to the third defendant, the plaintiff in *Driver* sent an NOI to the potential third defendant, but then filed an amended complaint naming that defendant only one month later. *Id*. The Court held that the NOI was not sent prior to the expiration of the statute of limitations as to the third defendant, meaning that his complaint against that defendant was time barred. *Id*. at 251. In the present case, neither party argues that the NOI was sent after the expiration of the statute of limitations. Thus, the holding in *Driver* is likewise inapplicable here.

Finally, plaintiff argues that the trial court was required to deny defendant's challenge to his NOI because it was not made by motion, filed pursuant to MCR 2.119, at the time of his first responsive pleading, as required by MCR 2.11(L)(2)(a); instead, defendant's motion was filed pursuant to MCR 2.116. Defendant agrees that the subject motion was its first responsive pleading, but defendant argues that he was not required to mention MCR 2.119 in that motion because MCR 2.116(G)(1) states that MCR 2.119 applies to motions brought under MCR 2.116 (unless otherwise provided in MCR 2.119(G)). Although the trial court did not address this issue, we will do so. We agree with defendant that his motion for summary disposition, which was his first responsive pleading, was brought pursuant to MCR 2.119 (as well as MCR 2.116).

Affirmed.


/s/ Adrienne N. Young
/s/ Kristina Robinson Garrett
/s/ Randy J. Wallace